UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNADINE W. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0627-M |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on April 11, 2008, came on to be considered Defendant's Motion for Summary Judgment (Doc. 17) filed on August 31, 2009. Having considered the relevant pleadings, and for the reasons discussed below, the court finds and recommends as follows:

*Procedural History:*

Moore filed an internal complaint with the Defendant's employee relations office alleging racial harassment, discrimination, and retaliation against her supervisor, Lieutenant Katie Conley, on or about May 17, 2006. (Def. App. 34-35, 40-46). On or about July 12, 2006, Conley counseled Moore (Def. App. 47) and allegedly removed Moore's authority to discipline subordinate employees. (Pl. App. 221, ¶ 6). On November 16, 2006, Moore filed a charge of discrimination and retaliation with the Texas Workforce Commission Civil Rights Division. On March 22, 2007, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of

Suit Rights to Moore on that charge. (Doc. 1 at ¶ 7). On October 30, 2007, Moore filed another charge of discrimination for retaliation. On January 15, 2008, the EEOC issued a Notice of Suit Rights to Moore on the second charge. (*Id*. at ¶ 9). On April 11, 2008, she filed her complaint with jury demand, claiming that she is entitled to monetary damages from the Texas Department of Public Safety (hereinafter "TDPS" or "Defendant") on the basis of alleged retaliation in violation of section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.[1] On August 31, 2009, Defendant filed the motion for summary judgment now before the court. (Doc. 17-18). On September 21, 2009, Plaintiff filed her response, (Doc. 19-21), and on October 6, 2009, Defendant filed a reply. (Doc. 24).

*Summary Judgment Standard*:

A party may move for summary judgment in the party's favor at any time. Fed. R. Civ. P. 56(b). To prevail on a motion for summary judgment, the moving party has the initial burden of showing there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248. An issue is "material" if it involves a fact that may affect the outcome of the suit under governing law.

---

[1] Sec. 704. (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed, any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

*See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). If the moving party presents evidence tending to show the absence of any genuine issue of fact, the opposing party must then identify specific evidence in the record which establishes the existence of one or more issues of fact, i.e., a non-movant may not merely rely on his or her pleadings. *See Anderson*, 477 U.S. at 256-57; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In analyzing the competent evidence proffered by the parties, the facts and the inferences to be drawn are viewed in the light most favorable to the non-movants. *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993); *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989).

*Discussion:*

In her response to the TDPS's motion for summary judgment, Moore claims that the negative performance evaluations and Defendant's failure to promote her constitute adverse employment actions and that the same were causally related to her complaints of discrimination and retaliation. (Doc. 20 at 2-3). On September 15, 2003, Plaintiff was promoted to the rank of sergeant in the TDPS Driver License Division. (Def. App. 1, Pl. App. 221, ¶ 3). Subsequently she sought promotion to the rank of lieutenant. To be promoted to lieutenant, an individual was required to have a minimum of two years experience as a sergeant, to be within a specified number of top scorers on a competitive written examination, and after September 1, 2006, to have passed a physical readiness standards test to be eligible to sit for the examination. (Def. Br. 2-3, Def. App. 18, 20, 28).

Sergeant Moore first became eligible to sit for the lieutenant's exam on September 15, 2005. (Def. App. 16). Between September 15, 2005 and April 1, 2006, there were no examinations for lieutenant. (Def. Br. 3, Def. App. 16). Between April 1, 2006 and May 31, 2007, the date of Katie Conley's performance evaluation of Plaintiff, there were nine promotional examinations for lieutenant. (Def. Br. 4, Def. App. 16). She sat for two written examinations- on April 5, 2006 and April 6, 2006- but her scores were not high enough to qualify her to appear before the oral examining board. (Def. Br. 4-5, Def. App. 16, 18, and 20). Moore did not pass the physical standards test implemented on September 1, 2006 until May 28, 2008. (Def. Br. 3). On June 3, 2008, Moore was placed on a six month probationary period which rendered her ineligible to compete for promotions during such period. (Def. Br. 5). Between December 3, 2008, when Moore's probation ended, and August 31, 2009, there was only one lieutenant's examination for which Moore was eligible; however, she did not take it. (Def. Br. 6).[2]

To establish a *prima facie* case of retaliation under Title VII, Moore must show that "(1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 331 (5th Cir. 2009), *citing*

---

[2] However, since Plaintiff's six month probation began eight months after she filed her second complaint with the EEOC and five months after she received a right-to-sue letter, the propriety of this disciplinary action is not at issue in the present case. Although the parties devote a significant portion of their summary judgment briefs to whether Moore should have been exempt from the physical readiness standards, *see* TEX. GOV'T CODE §§ 614.151-152 and Def. Reply Br. 6, prior to May 28, 2008- when she met the requirements- there is no claim or evidence proferred to suggest that she was refused an opportunity to take the written examination for any of the other seven promotional opportunities.

4

*Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008).  If Moore cannot support all three elements, summary judgment is appropriate.  *Stewart* at 331, *citing Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 769 (5th Cir.2001).

  TDPS concedes that the filing of Moore's internal complaint and her EEOC discrimination charges constitute protected Title VII activity.  However, it joins issue on whether she can demonstrate the existence of a genuine issue of fact on the next element- that she suffered an adverse employment activity.  "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm."  *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68, 126 S.Ct. 2405, 2414-2415 (2006).  A plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Id*. at 2415.  "The purpose of this objective standard is 'to separate significant from trivial harms' and 'filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'  Even when an adverse action is intended by the employer as retaliation, it must still satisfy this materiality standard."  *Stewart* at 331, citing *Burlington Northern* at 67-68, 126 S.Ct. at 2414.[3]

  Although no reasonable employee would be pleased upon receiving a performance evaluation containing areas in which the employee's performance was rated as unacceptable, no fact-finder could reasonably find that such a negative assessment, standing alone, would dissuade

---

[3] *See also Vincent v. Aztec Facility Services*, No. 3:06-cv-0606-M (2007 WL 2682101) (N.D.Tex. 2007) at *4.  (A tangible employment action is one which constitutes a "significant change in employment status.")

a reasonable worker from making a charge of discrimination.  Further, Moore has provided no evidence from which a jury could reasonably conclude that her evaluation materially affected her promotion opportunities.  In support of this second element Moore offers only her conclusion that the negative evaluations in 2006 and 2007 were retaliatory, that she was denied promotion to lieutenant and captain, that her supervisory authority was revoked, and that she was placed on suspension and probation in retaliation for her protected activity.  (Pl. Br. 16-19, Pl. App. 221-226).  However, Moore's subjective belief alone is insufficient to establish a genuine issue of fact.  *See, e.g., Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426-27 (5th Cir. 2000); *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246-47 (5th Cir. 1985).

Although it is undisputed that Plaintiff was not promoted to the rank of lieutenant, there is no evidence that she was refused an opportunity to take the written examination for a promotion to a lieutenant position based upon the filing of her internal complaint and/or EEOC charges or based upon the unacceptable rating in some areas of her performance evaluation.  To the contrary the undisputed evidence shows that on the two positions for which she applied, her written examination scores were not high enough to permit her to proceed to the next step in the promotion process, to wit: an oral examining board.  Because she cannot show the existence of a genuine issue of fact with respect to the second element of retaliation, the TDPS's motion for summary judgment should be granted.

Even if it be assumed *arguendo* that Moore can satisfy her burden on the second element, Defendant is nonetheless entitled to summary judgment because she cannot demonstrate the existence of a genuine issue of fact on the third element.  Moore must show a causal connection between her filing of discrimination complaints and her adverse employment actions, namely, her

6

a reasonable worker from making a charge of discrimination.  Further, Moore has provided no evidence from which a jury could reasonably conclude that her evaluation materially affected her promotion opportunities.  In support of this second element Moore offers only her conclusion that the negative evaluations in 2006 and 2007 were retaliatory, that she was denied promotion to lieutenant and captain, that her supervisory authority was revoked, and that she was placed on suspension and probation in retaliation for her protected activity.  (Pl. Br. 16-19, Pl. App. 221-226).  However, Moore's subjective belief alone is insufficient to establish a genuine issue of fact.  *See, e.g., Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426-27 (5th Cir. 2000); *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246-47 (5th Cir. 1985).

Although it is undisputed that Plaintiff was not promoted to the rank of lieutenant, there is no evidence that she was refused an opportunity to take the written examination for a promotion to a lieutenant position based upon the filing of her internal complaint and/or EEOC charges or based upon the unacceptable rating in some areas of her performance evaluation.  To the contrary the undisputed evidence shows that on the two positions for which she applied, her written examination scores were not high enough to permit her to proceed to the next step in the promotion process, to wit: an oral examining board.  Because she cannot show the existence of a genuine issue of fact with respect to the second element of retaliation, the TDPS's motion for summary judgment should be granted.

Even if it be assumed *arguendo* that Moore can satisfy her burden on the second element, Defendant is nonetheless entitled to summary judgment because she cannot demonstrate the existence of a genuine issue of fact on the third element.  Moore must show a causal connection between her filing of discrimination complaints and her adverse employment actions, namely, her

negative performance review in 2006, and her lack of promotion to lieutenant and captain. "The causal link required by the third prong of the *prima facie* case does not rise to the level of a 'but for' standard." *Perches v. Elcom, Inc.*, 500 F.Supp.2d 684, 692 (W.D.Tex. 2007), citing *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). "As part of the causation prong, a plaintiff must show that the decisionmaker who committed the adverse employment action was aware of the plaintiff's protected activity." *Perches*, 500 F.Supp.2d at 693, *citing Manning v. Chevron Chem. Co.*, 332 F.3d 874, 884 (5th Cir.2003). While Conley arguably was aware of Moore's belief that Conley was discriminating against her,[4] Moore has not adduced any evidence to show that Conley had any discriminatory intent in rating her performance poorly. Plaintiff has presented no competent evidence that Conley had any role in determining which applicants would be promoted to lieutenant and the fact that Moore's performance evaluation for calendar year 2006 went through several drafts is simply irrelevant to her claims. (Def. App. 12-14). In point of fact she has not identified any decision maker allegedly responsible for the fact that she was not promoted. As noted above, the first step in the process for promotion for eligible applicants was taking a written examination with only a specified number of candidates with the highest scores being entitled to proceed to the second step. *Eg. see* Def. App. 18- the "top SIX (6) candidates"; Def. App. 20- the "top EIGHT (8) candidates." Since Plaintiff's scores did not qualify her to appear before the oral examining boards for either lieutenant's position for which she applied,

---

[4] While Conley may not have been aware of the formal complaints, Moore put her on at least some informal notice of her complaints. In the July 12, 2006 written counseling between Conley and Moore, Moore wrote "HAR[A]S[S]MENT BY LT CONLEY" on the form.

7

she was never denied a promotion by *any* decisionmaker.[5]

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the District Court **GRANT** Defendant's motion for summary judgment and enter judgment dismissing Plaintiff's complaint with prejudice.

Signed this 31st day of December, 2009.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[5] Moore seeks to exclude the affidavit of Phillip G. Ayala from the court's consideration of Defendant's motion for summary judgment. She does not dispute the authenticity of the written announcements for the positions for which she applied, (Def. App. 18 and 20), nor does she proffer any evidence which disputes the scores which she received on the written examinations or which question her ranking among those who took the written tests. Under such circumstances I can find no prejudice to her interests.

8